IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 22, 2013 Session

**IN RE KAYLEE F. ET AL.**

**Appeal from the Circuit Court for Smith County**
**No. 6835      Clara W. Byrd, Judge**

**No. M2012-00850-COA-R3-PT - Filed March 15, 2013**

In this action to terminate the parental rights of both parents to their three minor children, the trial court found that the petitioners, the paternal grandmother and her husband, had proven the grounds of persistence of conditions, abandonment for failure to visit, and abandonment for failure to support the children, and that termination of both parents' rights was in the children's best interests. Mother appealed the termination of her parental rights; Father did not. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Jacquelyn M. Scott, Carthage, Tennessee, for the appellant, Sandi F.[1]

Melanie R. Bean, Lebanon, Tennessee, for the appellees, Steve and Sherell S.

Jean Ann Hall, Hartsville, Tennessee, guardian ad litem.

**OPINION**

Sandi F. ("Mother") and Jason F. ("Father") are the parents of Lilly F., born in April 2009, and twins, Ashlynn F. and Kaylee F., born in April 2010. Since the birth of the twins in 2010, all three children have resided in the home of the paternal grandmother and her husband. Between May 9, 2010, and September 2010, the paternal grandmother observed inappropriate behavior by Mother, including but not limited to absconding for days, not

---

[1]This court has a policy of protecting the identity of children in parental termination cases by initializing the last names of the parties.

seeing or caring for her children, appearing intoxicated by illicit substances, and engaging in criminal activity.

In September 2010, the paternal grandparents filed a Petition to Adjudicate Dependency and Neglect. Specific allegations included, *inter alia*, that Ashlynn and Kaylee tested positive for drugs at birth; that the parents abused drugs, had not provided stable housing, were unemployed, and had no financial means of support; that Mother had been arrested; and that the parents had rarely visited the minor children. Following an emergency hearing, temporary custody of the three minor children was awarded to the paternal grandparents.

Between September 2010 and November 7, 2011, the parties had an informal visitation schedule of every other Sunday between 2:00 p.m. and 6:00 p.m. Mother only visited the minor children six times during this period. The paternal grandmother stated these visits were not meaningful due to Mother arriving late, appearing intoxicated, and spending time in her car instead of interacting with the children.

In October 2011, one week prior to the scheduled hearing, the paternal grandparents filed a First Amended Petition to Adjudicate Dependancy and Neglect, to Terminate Parental Rights, and for Full Guardianship. The First Amended Petition incorporated the allegations of the original petition and included abandonment for failure to visit, failure to support, failure to provide suitable home, and persistence of conditions.

In November 2011, the parties entered an agreement wherein the minor children were found to be dependent and neglected. The paternal grandparents were also awarded guardianship at that time.

Pursuant to an agreed scheduling order, the petition to terminate the parents' parental rights was tried on December 13, 2011. At the conclusion of the trial, the trial court made numerous specific findings of fact and concluded that three of the four grounds alleged had been proven, specifically, persistence of conditions, abandonment for failure to visit, and abandonment by willfully failing to support the minor children. The court also concluded that it was in the children's best interests that both parents' parental rights be terminated. Mother filed a timely appeal; Father did not appeal.

Mother contends the trial court erred in finding the conditions leading to removal persisted and in finding that she abandoned the children by failing to support and failing to visit the children. She also contends the trial court erred in finding that termination of her parental rights is in the children's best interests.

**ANALYSIS**

## I. GROUNDS FOR TERMINATION OF PARENTAL RIGHTS

The trial court found three grounds upon which Mother's parental rights may be terminated provided that termination of her parental rights is in the best interests of the children. We discuss these grounds below.

### A. PERSISTENCE OF CONDITIONS

Tennessee Code Annotated § 36-1-113(g)(3) specifies the essential elements for the "persistent conditions" ground for termination of parental rights. It provides that grounds for termination exist when:

> (3) The child has been removed from the home of the parent or guardian by order of a court for a period of six (6) months and:
>
> > (A)  The conditions that led to the child's removal or other conditions that in all reasonable probability would cause the child to be subjected to further abuse or neglect and that, therefore, prevent the child's safe return to the care of the parent(s) . . . , still persist;
> > (B)  There is little likelihood that these conditions will be remedied at an early date so that the child can be safely returned to the parent(s) . . . in the near future; and
> > (C)  The continuation of the parent . . . and child relationship greatly diminishes the child's chances of early integration into a safe, stable and permanent home;

*Id.*

At birth, Ashlynn and Kaylee tested positive for drugs. Immediately after their birth, Mother left the hospital to obtain and use drugs, including Dilaudid. In September 2010, five months after the twins were born, the paternal grandparents obtained temporary guardianship and custody of the three minor children due, in principle part, to Mother's drug dependency. The children have remained in the exclusive legal and physical custody of the paternal grandparents since September 2010.

Two Gallatin police officers testified at trial regarding Mother's admitted drug abuse. One officer testified that in July 2010, when the twins were three months old, Mother

admitted in a field interview that she had a substance abuse problem with Dilaudid and that she was on her way to purchase illegal narcotics. The officer also stated that Mother admitted having engaged in a number of illegal drug transactions within Sumner County. The second officer, who had first arrested Mother in 2008 for Schedule II Cocaine possession, testified that he again encountered Mother in July 2010 when he responded to a call about a shoplifter at the Food Lion. During a search of Mother's vehicle, drug paraphernalia and needles were found in her possession. Other witnesses testified as to Mother's continuing drug use and addiction.

The trial court made specific findings concerning Mother's drug addiction. The court found it was "abundantly clear from witness testimony and exhibits" that Mother clearly suffers from an ongoing drug addiction, the children were removed due to the ongoing drug addiction, Mother's actions constituted "wanton disregard for the children's health and safety," her drug addiction issues have continued, and her "inability to provide appropriate care, housing, etc. for the children still persist."

Based upon the foregoing, and other compelling evidence in this record, we find the evidence clearly and convincingly supports the trial court's findings that Mother made no material changes to the conditions that existed when the children were removed in September 2010, that there is little likelihood that these conditions will be remedied at an early date so that the children may be safely returned to Mother in the near future, and that the continuation of the parent and child relationship greatly diminishes the children's chances of early integration into a safe, stable, and permanent home. For these reasons, we affirm the trial court's finding that the paternal grandparents proved the "persistent conditions" ground for termination of Mother's parental rights by clear and convincing evidence pursuant to Tennessee Code Annotated § 36-1-113(g)(3).

### B. OTHER GROUNDS FOR TERMINATION

A court may terminate a parent's parental rights if (1) the existence of at least one statutory ground is proven by clear and convincing evidence and (2) it is clearly and convincingly established that termination of the parent's rights is in the best interest of the child. Tenn. Code Ann. § 36-1-113(c); *In re Adoption of A.M.H.*, 215 S.W.3d 793, 809 (Tenn. 2007); *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002). We have affirmed one ground for termination, persistent conditions; thus, it is not necessary that we analyze the two other grounds. Nevertheless, we have reviewed the record and find the evidence clearly and convincingly supports the conclusion that Mother had the ability to support the children, at least partially, and that she willfully failed to support the children during the requisite time frame, and that instead of supporting the children, she spent her funds to support her drug addiction. The record also clearly and convincingly supports the conclusion that Mother only

engaged in token visitation during the relevant time period which did not produce a meaningful visit to establish a meaningful relationship or bond between Mother and the children. Accordingly, we affirm the trial court's holding that Mother abandoned the children by willfully failing to visit the children as defined in Tennessee Code Annotated § 36-1-102(1)(A)(i).

Therefore, we affirm the trial court's ruling that Mother abandoned the children by willfully failing to pay child support or make reasonable payments toward the support of the children and failing to visit the children as defined in Tennessee Code Annotated § 36-1-102(1)(A)(i).

## II. BEST INTERESTS OF THE CHILDREN

Having affirmed three grounds upon which Mother's parental rights may be terminated if termination is in the children's best interests, we shall examine if it has clearly and convincingly been established that termination of her rights is in the best interests of the children. Tenn. Code Ann. § 36-1-113(c); *In re Adoption of A.M.H.*, 215 S.W.3d at 809; *In re Valentine*, 79 S.W.3d at 546.

The Tennessee General Assembly has provided a list of factors for the court to consider when conducting a best interest of the child analysis. *See* Tenn. Code Ann. § 36-1-113(i)(1)-(9). The nine statutory factors, which are well known and need not be repeated here, are not exclusive or exhaustive, and other factors may be considered by the court. *In re M.A.R.*, 183 S.W.3d 652, 667 (Tenn. Ct. App. 2005). Moreover, not every statutory factor need apply; a finding of but a few significant factors may be sufficient to justify a finding that termination of the parent-child relationship is in the child's best interest. *In re M.A.R.*, 183 S.W.3d at 667. The child's best interest is to be determined from the perspective of the child rather than the parent. *See State Dep't of Children's Servs. v. L.H.*, No. M2007-00170-COA-R3-PT, 2007 WL 2471500, at *7 (Tenn. Ct. App. Dec. 3, 2007) (citing *White v. Moody*, 171 S.W.3d 187, 194 (Tenn. Ct. App. 2004)).

In this case, the evidence clearly and convincingly established that Mother failed to make an adjustment in circumstance to provide a safe home for the children. *See* Tenn. Code Ann. § 36-1-113(i). Further, to allow the children to return to Mother, which could not be considered until she makes many positive changes and becomes a responsible parent, which Mother has repeatedly failed to do, would subject the children to more uncertainty and instability. *Id.* Moreover, it would require the removal of the children from the only home the twins have ever known and where all three children are happy, healthy, and thriving. *Id.*

Considering these relevant factors from the children's perspective, the evidence

clearly and convincingly established that it is in the children's best interests that Mother's parental rights be terminated.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Sandi F.

_____
FRANK G. CLEMENT, JR., JUDGE